**[J-18-2019]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 755 CAP |
| | : | |
| Appellee | : | Appeal from the Orders entered on |
| | : | January 29, 2003, March 25, 2003 |
| | : | and August 26, 2011 in the Court of |
| v. | : | Common Pleas, Philadelphia County, |
| | : | Criminal Division at CP-51-CR- |
| | : | 1031752-1988, denying in part post |
| KEVIN PELZER, | : | conviction relief. (Nunc pro tunc |
| | : | appeal rights reinstated on June 1, |
| Appellant | : | 2017.) |
| | : | |
| | : | SUBMITTED: February 4, 2019 |

## CONCURRING STATEMENT

**JUSTICE WECHT**                                                                        **FILED: November 26, 2019**

Because Kevin Pelzer has not yet been sentenced, let alone sentenced to death, this Court necessarily lacks subject matter jurisdiction to dispose of this appeal on the merits. *See* 42 Pa.C.S. § 9546(d) (providing this Court with exclusive appellate jurisdiction over "a final order" in a "case in which the death penalty has been imposed"). Thus, I join today's order dismissing the appeal and remanding the matter for sentencing.

As a matter of law, today's order issues without prejudice to Pelzer's right to pursue relief on the merits of the procedural and substantive claims that he raises in this appeal in the appropriate venue after he is sentenced. I do not share Justice Dougherty's view that, after Pelzer is sentenced, the trial court "must" limit Pelzer's pursuit of relief. *See* Conc. Statement (Dougherty, J.), at 1 (repeating rationale of Opinion in Support of Affirmance in *Commonwealth v. Taylor*, ___ A.3d ___, 2019 WL 5782165 (Pa. filed Nov. 6, 2019)). With all due respect to my learned colleague, such an anticipatory restriction on future claims is jurisprudentially incorrect and unsound.

In *Taylor*, the lower court's order was affirmed by default solely because the votes of the participating members of this Court ended in a 2-2 tie. There was no majority. Such a tie requires this Court automatically to affirm the appealed order by default in a *per curiam* order. Like any order, the order constitutes a binding, final order. However, it is "indisputable" that the opinions offered by the deadlocked Justices in such cases have "no precedential value." *Sprague v. Cortes*, 150 A.3d 17, 22 (Pa. 2016) (Opinion in Support of Affirmance) (quoting *Commonwealth v. Bomar*, 826 A.2d 831, 843 n.13 (Pa. 2003) ("While the ultimate order of a plurality opinion, *i.e.* an affirmance or reversal, is binding on the parties in that particular case, legal conclusions and/or reasoning employed by a plurality certainly do not constitute binding authority.")). Thus, neither Justice Dougherty's opinion in support of affirmance (2019 WL 5783911)—even though it corresponds with the ultimate default result—nor my opinion offered in support of the contrary result (2019 WL 5782165) bind the trial court in the case *sub judice* in any way.

For these reasons, the procedural issue that deadlocked *Taylor*—whether a lower court can compel a new appellate proceeding before this Court—remains an open question. The trial court here should approach the question as such, and must indeed address it anew. That court is not bound by either of the non-precedential opinions offered in *Taylor*.

Justice Donohue joins this concurring statement.